# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVERBANK, N.A. f/k/a TIAA, FSB, as assignee of TIAA Commercial Finance, Inc., <br><br> Plaintiff, <br><br> v. <br><br> FRONTIER NEUROSURGERY, P.L.L.C., DIRECT IMAGING PC, and DAVE S. ATTEBERRY, <br><br> Defendants. | Case No. 2:24-cv-04600 <br><br> **ORDER AND JUDGMENT** |

**THIS MATTER**, having come before the Court upon the motion of plaintiff EverBank, N.A. f/k/a TIAA, FSB, as assignee of TIAA Commercial Finance, Inc., ("Plaintiff") for entry of default judgment against defendants Frontier Neurosurgery, P.L.L.C. ("Frontier"), Direct Imaging PC ("Direct"), and Dave S. Atteberry ("Atteberry," and together with Frontier and Direct, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b) for failure to answer or otherwise move in response to the Complaint which was duly served upon them; and the Court having considered the affidavit of the amount due and that said Defendants are not infants or incompetent persons and not in the military service of the United States or any of its allied nations, and for good cause appearing ;

IT IS, on this 17th day of July 2024,

**ORDERED** that Plaintiff's motion for entry of default judgment against Defendants is hereby granted; and it is further

**ORDERED AND ADJUDGED** that judgment be entered in favor of Plaintiff, EverBank, N.A. f/k/a TIAA, FSB, as assignee of TIAA Commercial Finance, Inc., 10 Waterview Boulevard, Parsippany, New Jersey 07054 and against Defendants Frontier Neurosurgery, P.L.L.C. (a Washington state professional limited liability company), 6101 Summitview Avenue, #200, Yakima, Washington 98908, Direct Imaging PC (a Washington state professional service corporation), 6101 Summitview Avenue, #200, Yakima, Washington 98908, and Dave S. Atteberry, 7604 Graystone Court, Yakima, Washington 98908, jointly and severally, in the sum of $1,030,735.02 as of June 7, 2024, plus continuing post judgment interest thereafter at the contract rate, together with contractual attorney fees of $11,629.74 for a total of $1,042,364.76; and it is further

**ORDERED AND ADJUDGED** that Plaintiff shall have immediate and permanent title and possession of the Equipment which is subject of the Agreements, to wit, the following Equipment:

i. one (1) Mitel 5000 Communications System;
ii. eight (8) Microsoft Office;
iii. one (1) Adobe Professional;
iv. nine (9) Dell OptiPlex Work Stations;
v. twelve (12) Dell 22" Monitors;
vi. one (1) Dell Precision Laptop M3800;
vii. one (1) Asus Transformer Laptop;
viii. one (1) Dell Latitude Laptop;
ix. one (1) Server w/VM Ware;
x. one (1) Exchange Server;

    xi.    one (1) TZ 210 Sonic Wall;
    xii.    two (2) HP Printers;
    xiii.    one (1) 48 Port POE Switch;
    xiv.    one (1) Barracuda Backup-Model 190;
    xv.    five (5) Asus 23.6" Monitors;
    xvi.    one (1) UPS;
    xvii.    one (1) GE OEC 9900 9' SCX C Arm with WSP wireless DICOM;
    xviii.    one (1) GE Optima MR450w 1.5T GEM 24.0 MR System with Silent ES Platform;
    xix.    one (1) GE Optima CT660 System;
    xx.    one (1) GE Logiq E9 System;
    xxi.    one (1) GE Discovery XR656 System;
    xxii.    one (1) GE PACS System; and
    xxiii.    one (1) Shielding costs for GE MR & CT

and that Defendants shall properly maintain said Equipment and return it to Plaintiff or its agents within five (5) days hereof and fully cooperate in said return and Plaintiff may immediately and without further delay engage in self-help repossession of said Equipment should Defendants fail to return it as directed; and it is further

**ORDERED AND ADJUDGED** that Defendants shall, within 30 days of the date hereof, provide to Plaintiff an itemized list of all assets of the Defendants, including but not limited to, all accounts, accounts receivables (including any corresponding aging reports), chattel paper, deposit accounts, equipment, fixtures, general intangibles, inventory, and other property wherever located, and upon receipt of said itemized list Plaintiff may apply to this Court for a further order and judgment awarding permanent title and possession of any part thereof to Plaintiff; and it is further

**ORDERED AND ADJUDGED** that the Clerk of Court shall, upon request with seven (7) days' notice to Defendants, issue a Writ of Execution or other similar enforcement device directing the US Marshall Service to seize the Equipment itemized herein; and it is further

**ORDERED** that Defendants, their principals, employees, servants, family members and agents and/or any other person in possession of the Equipment, be and hereby are stayed from removing or damaging said Equipment and from concealing, transporting, encumbering, using, selling, renting/leasing or in any way transferring or disposing of the Equipment, except in furtherance of this Order; and it is further

**ORDERED** that Defendants and/or any other party in possession of the Equipment shall not otherwise permit the Equipment to be removed from its location, transferred, sold, pledged, assigned or otherwise disposed of or permitted to become subject to a security interest or lien other than as permitted and/or directed herein; and it is further

**ORDERED** that, in the event that Plaintiff takes possession of the Equipment, Plaintiff shall attempt to dispose of said personal property in a commercially reasonable manner in accordance with the Uniform Commercial Code

and the net proceeds from said sale, if any, after deduction of reasonable expenses of retaking, holding, preparing for sale, selling and the like, shall be applied to reduce the amount of the Judgment herein; and it is further

**ORDERED** that the Clerk is hereby directed to enter judgment.

_____
HON. SUSAN D. WIGENTON, U.S.D.J.